[Nos. 49397–9, 49422–3. En Banc. February 9, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. ALFRED L. JONES, *Petitioner.*

THE STATE OF WASHINGTON, *Respondent,* v. DARRYL YOUNG, *Petitioner.*

114

*Elizabeth K. Selleck* of *Washington Appellate Defender Association,* for petitioner Jones.

*Raymond H. Thoenig* of *Washington Appellate Defender Association,* for petitioner Young.

*Seth Dawson, Prosecuting Attorney,* and *Larry E. McKeeman, Deputy,* for respondent.

STAFFORD, J.—In these consolidated cases, we formulate guidelines for the exercise of discretion under ER 609(a)(1) and determine the appropriate harmless error standard for use under ER 609(a)(1). We affirm the Court of Appeals on a different ground with respect to petitioner Jones, but reverse as to petitioner Young.

The facts of each case will be dealt with separately.

### State v. Jones

On April 23, 1981, Jones and a companion, Clarence Williams, were arrested shortly after police observed them

moving various items of property from Williams' car into Jones' adjacent motel room. The property found in Jones' motel room matched the description of items reported stolen from two local residences earlier that day. A subsequent search of the motel room also disclosed property reported stolen from two other local residences earlier that month. In addition, the search revealed two pairs of pliers, one of which was later determined to have been used to gain entry to at least one of the burglarized homes. Jones was charged with four separate counts of second degree burglary.

Prior to testifying at trial, Jones filed a motion in limine to exclude evidence of prior felony convictions for drug possession and carrying a concealed weapon. Jones contended that under ER 609(a)(1), the evidence was inadmissible because its probative value was outweighed by its prejudicial effect. The State countered by arguing that because lying is an integral facet of the criminal personality, Jones' criminal record necessarily reflected a propensity for lying. The trial court denied Jones' motion, ruling that the prosecution could introduce Jones' prior convictions if he denied them.

Jones nevertheless took the stand in his own defense. He claimed he did not commit the burglaries and that the stolen property found in the motel room was acquired from Clarence Williams in exchange for drugs. Jones also suggested the police "planted" the pliers in his room. On direct examination, he acknowledged one prior felony conviction. On cross examination, and over defense objection, the prosecutor elicited an admission of two prior felony convictions as well as the particular circumstances of each conviction.

The jury returned guilty verdicts on all four counts of second degree burglary. The Court of Appeals affirmed, reasoning that even if the admission of Jones' prior convictions was error (which the Court of Appeals did not expressly decide), it was harmless under the nonconstitutional standard of *State v. Cunningham,* 93 Wn.2d 823, 831, 613 P.2d 1139 (1980). *State v. Jones,* 33 Wn. App. 372,

375–77, 656 P.2d 510 (1982), *review granted,* 99 Wn.2d 1009 (1983).

### State v. Young

On September 20, 1980, two men entered a Snohomish County residence, threatened the four occupants with what appeared to be a pistol, and stole a safe. Two weeks later, the State charged Darryl Young and Thomas Diamont with first degree robbery. Diamont was never apprehended.

Prior to trial, Young filed a motion in limine to exclude evidence of his prior convictions. Young had been convicted of grand larceny in 1970, forgery and credit card theft in 1974, and attempted escape in 1977. The trial court held the 1970 conviction was too remote and thus inadmissible. The State was permitted to present evidence of the other convictions, however, for purpose of impeachment under ER 609(a)(1). The court concluded, "the probative value of these [three] convictions substantially outweighs any remote prejudicial effect that might result."

At trial, Young presented an alibi defense. On direct examination, he admitted his prior convictions of forgery and grand larceny. On cross examination, the prosecutor elicited an acknowledgment of the attempted escape and credit card theft convictions.

As with Jones, the trial court instructed the jury, in accordance with WPIC 5.05, that evidence of a defendant's prior convictions could be considered only in determining defendant's credibility as a witness. The jury returned a guilty verdict. The Court of Appeals affirmed in an unpublished opinion. We reverse.

### I

We must first determine whether the respective trial courts erred in permitting the State to impeach petitioners' credibility with evidence of their prior convictions under ER 609(a)(1).

In 1979, this court adopted ER 609, superseding former RCW 10.52.030.[1] *See* 91 Wn.2d 1117, 1149 *et seq.* (1979).

---

[1] RCW 10.52.030. "Convict as witness. Every person convicted of a crime shall

The language of ER 609(a) was taken *verbatim* from the federal Rule of Evidence 609. *See* Fed. R. Evid. 609, 28 U.S.C. 563. ER 609(a) provides:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross–examination but only if the crime (1) was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, *and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant,* or (2) involved dishonesty or false statement, regardless of the punishment.

(Italics ours.)

Prior to 1979, we recognized that a defendant's past convictions were relevant to his or her credibility as a witness. *See State v. Ruzicka,* 89 Wn.2d 217, 226, 570 P.2d 1208 (1977). Moreover, a trial judge had no discretion to refuse evidence of a prior conviction; admission was mandatory, regardless of whether the prior conviction was for a felony or misdemeanor offense. *See* former RCW 10.52.030, footnote 1 above; *see also State v. Ruzicka, supra; State v. Robinson,* 75 Wn.2d 230, 450 P.2d 180 (1969). With the adoption of ER 609, we established significant restrictions on the use of prior conviction evidence. *See State v. Alexis,* 95 Wn.2d 15, 621 P.2d 1269 (1980).

As set forth in *State v. Burton,* 101 Wn.2d 1, 676 P.2d 975 (1984), ER 609 establishes two categories of prior convictions which may be admitted to impeach a defendant's credibility as a witness. First, if a prior conviction involves a crime of "dishonesty or false statement", it is automatically admissible under ER 609(a)(2). The trial judge has no discretion and the rule applies regardless of whether the

be a competent witness in any civil or criminal proceeding, but his conviction may be proved for the purpose of affecting the weight of his testimony, either by the record thereof, or a copy of such record duly authenticated by the legal custodian thereof, or by other competent evidence, or by his cross–examination, upon which he shall answer any proper question relevant to that inquiry, and the party cross–examining shall not be concluded by his answer thereto."

prior conviction was for a felony or misdemeanor offense. *See State v. Burton, supra.* In *Burton,* we adopted a narrow definition of the word "dishonesty" as used in ER 609(a)(2). Only those crimes, felony or misdemeanor, which have a *direct* bearing on the defendant's ability to testify truthfully are automatically admissible to impeach a defendant witness. Prior felony convictions for crimes which do not contain an element of deceit, fraud, or false swearing, are admissible only under the discretionary standard of ER 609(a)(1).

Second, under subsection (a)(1), a prior felony conviction for an offense *not* involving "dishonesty or false statement" is admissible *only if* the trial court first determines that "the probative value of admitting this evidence outweighs its prejudicial effect to the defendant". ER 609(a)(1). This required balancing process injects an important element of discretion which was lacking under previous Washington law. As was noted in the Comment to ER 609, 91 Wn.2d 1150 (1979):

> Rule 609 offers a balance between the right of the accused to testify freely in his own behalf and the desirability of allowing the State to attack the credibility of the accused who chooses to testify. . . .
>
> *Section (a)* . . . narrows the scope of convictions which may be used to impeach the accused in a criminal case. RCW 10.52.030, which is superseded by the rule, did not contain the restrictions expressed in section (a).

The question before this court is one of clarifying and delineating the proper standards to be used in exercising the discretionary authority granted under ER 609(a)(1).

At the outset, we reiterate what was previously emphasized in both *Burton* and *Alexis.* When exercising the discretionary authority granted under ER 609(a)(1), a trial court must bear in mind at all times that the sole purpose of impeachment evidence is to enlighten the jury with respect to the defendant's credibility as a witness. Therefore, prior convictions admitted for the purpose of im‐ peachment must have some relevance to the defendant's

ability to tell the truth. *See United States v. Smith,* 551 F.2d 348 (D.C. Cir. 1976); *State v. Burton, supra; State v. Alexis, supra.* Simply because a defendant has committed a crime in the past does not mean the defendant will lie when testifying. In these consolidated cases the State argues that because lying is an integral facet of the criminal personality, all prior convictions are per se admissible. We disagree.

In *State v. Alexis, supra,* we clearly rejected any per se rule for the admissibility of prior conviction evidence. *See also State v. Moore,* 29 Wn. App. 354, 628 P.2d 522 (*Moore* I), *review denied,* 96 Wn.2d 1003 (1981); *State v. Moore,* 33 Wn. App. 55, 651 P.2d 765 (1982) (*Moore* II). ER 609(a)(1) requires the exercise of discretion. Moreover, crimes which are not automatically admissible as crimes involving "dishonesty or false statement" under ER 609(a)(2) must have some relevance to the defendant's ability to testify truthfully.

There has been an abundance of scholarly debate on the issue of impeachment by prior convictions, with many scholars advocating the demise of rule 609 in favor of a strict nonadmissibility policy, or at least a severely restrictive admissibility standard. *See, e.g.,* Spector, *Rule 609: A Last Plea for Its Withdrawal,* 32 Okla. L. Rev. 334, 338 (1979); Note, *Impeachment Under Rule 609(a): Suggestions for Confining and Guiding Trial Court Discretion,* 71 Nw. U. L. Rev. 634 (1976). The controversy which surrounds Fed. R. Evid. 609 stems in large part from the sharply conflicting policy interests at stake in the admission of prior conviction evidence. In weighing the probative value of prior conviction evidence against its prejudicial effect, a trial court must ultimately weigh the importance of the jury hearing the defendant's side of the story against a defendant's opportunity to unfairly misrepresent his criminal record. *See Luck v. United States,* 348 F.2d 763 (D.C. Cir. 1965); *United States v. Jackson,* 405 F. Supp. 938 (E.D.N.Y. 1975); *State v. Alexis, supra* at 19.

A criminal defendant has a constitutional right to testify freely in his own defense. U.S. Const. amend. 6; *Griffin v.*

*California,* 380 U.S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229 (1965). *See also* Const. art. 1, § 22; *State v. Hudlow,* 99 Wn.2d 1, 659 P.2d 514 (1983). The admission of a defendant witness' prior convictions may well adversely affect that defendant's decision to take the stand. *See* Note, *To Take the Stand or Not To Take the Stand: The Dilemma of the Defendant With a Criminal Record,* 4 Colum. J.L. & Soc. Probs. 215, 218 (1968). The defendant's fears are well founded.

Federal courts have consistently recognized that prior conviction evidence is inherently prejudicial. *See, e.g., United States v. Martinez,* 555 F.2d 1273, 1276 (5th Cir. 1977); *United States v. Smith,* 551 F.2d 348 (D.C. Cir. 1976). Statistical studies have shown that even with limiting instructions, a jury is more likely to convict a defendant with a criminal record. H. Kalven & H. Zeisel, *The American Jury* 146, 160–69 (1966). It is difficult for the jury to erase the notion that a person who has once committed a crime is more likely to do so again. The prejudice is even greater when the prior conviction is similar to the crime for which the defendant is being tried. *State v. Pam,* 98 Wn.2d 748, 760, 659 P.2d 454 (1983) (Utter, J., concurring). The danger of prior conviction evidence is its tendency to shift the jury's focus from the merits of the charge to the defendant's general propensity for criminality.

To offset this inherent prejudice, both Congress and this court set forth the requirement that trial courts weigh the probative value of prior conviction evidence against the obvious prejudice. The burden is on the State to show that the probative value is greater. *United States v. Smith, supra; United States v. Gross,* 603 F.2d 757 (9th Cir. 1979); *see also United States v. Cook,* 608 F.2d 1175, 1194 (9th Cir. 1979) (Hufstedler, J., concurring in part/dissenting in part), *cert. denied,* 444 U.S. 1034 (1980). The State's burden is a difficult one as few prior offenses that do not involve crimes of dishonesty or false statement are likely to be probative of a witness' veracity. *United States v. Cook, supra,* citing *United States v. Hawley,* 554 F.2d 50, 52 (2d

Cir. 1977). Nevertheless there are several factors which a trial court should consider in determining the probative value of prior conviction evidence.

As we noted above, the most important consideration in determining the probative value of prior conviction evidence is the necessity of hearing the defendant's side of the story. In general, the weaker the State's case, the more crucial it is for the defendant's side of the story to be heard. *See United States v. Brown,* 409 F. Supp. 890 (W.D.N.Y. 1976). Moreover, the trial court should consider whether the defendant is the only one who can testify in his or her defense. *See State v. Alexis, supra.* At the same time, however, the more crucial the defendant's testimony, the more crucial it is that the jury not be misled as to the defendant's credibility. "Normally the court should err on the side of excluding a challenged prior conviction, with a warning to the defendant that any misrepresentation of his background on the stand will lead to admission of the conviction for impeachment purposes." *United States v. Cook, supra* at 1187 (en banc opinion). *See also United States v. Jackson, supra.*

There are other important factors for the trial court to consider: (1) the type of crime—crimes of violence are not usually probative of the defendant's propensity to lie. *United States v. Hayes,* 553 F.2d 824 (2d Cir.), *cert. denied,* 434 U.S. 867 (1977). *See also United States v. Smith, supra*; (2) the remoteness of the prior conviction— the older the conviction, the less probative it is of the defendant's credibility. *United States v. Hayes, supra*; (3) the similarity of the prior crime—the greater the similarity, the greater the possible prejudice. *See State v. Pam, supra*; (4) the age and circumstances of the defendant—was the defendant very young, were there extenuating circumstances?; (5) whether the defendant testified at the previous trial—if the defendant did not testify, the prior conviction has less bearing on veracity. *United States v. Hayes, supra*; (6) the length of the defendant's criminal record—unnecessarily cumulative prior convictions are

more prejudicial. *Cf. State v. Hanscome,* 459 A.2d 569 (Me. 1983) (prejudicial effect of 11 prior convictions so great that trial court properly excluded all but those admissible as crimes of dishonesty). In each case the balancing procedure must be followed. *State v. Alexis, supra.* Moreover, it is imperative that this balancing process be meaningful.

In *State v. Thompson,* 95 Wn.2d 888, 893, 632 P.2d 50 (1981), we held that a trial court need not state its reasons for admitting evidence under ER 609(a)(1). The *Thompson* opinion suggested to some observers that as long as a trial court states that it weighed the probative value of the prior conviction evidence against its prejudicial effect, the trial court did not err. *See, e.g., State v. Latham,* 30 Wn. App. 776, 638 P.2d 592 (1981). As in *Thompson,* neither the trial court in Jones nor the trial court in Young expressly considered any balancing factors before making its decision.

Although we held the trial court in *Thompson* did not commit error by failing to articulate its reasons for exercising discretion under ER 609(a)(1), we declared that in the future "it would be helpful for the trial judge to articulate the reasons." *Thompson,* at 893. Since *Thompson* was issued, several Court of Appeals opinions have expressly found that a trial court need not state on the record its reason for exercising discretion under ER 609(a)(1). *See, e.g., State v. Turner,* 35 Wn. App. 192, 665 P.2d 923 (1983); *State v. Latham, supra.* Without a statement of reasons demonstrating that the trial court did engage in a balancing analysis it is impossible for an appellate court to evaluate the trial court's decision. Therefore, what was suggested in *Thompson,* we now make mandatory: that is, a trial court must state, for the record, the factors which favor admission or exclusion of prior conviction evidence.

In Jones, the State sought to admit evidence of petitioner's prior out–of–state felony convictions for carrying a concealed weapon and for possession of drugs. In the abstract, these convictions have little to do with a defendant's credibility as a witness in a trial for second degree

burglary and therefore, the probative value is minimal. The trial court concluded only that the probative value substantially outweighed the prejudicial effect. There is no record the trial court considered any balancing factors in reaching this conclusion. Thus, we have no way of knowing whether the trial court effectively exercised its discretion or whether the State met its burden. We therefore hold that the trial court erred in admitting evidence of Jones' prior felony convictions without first articulating on the record its reasons for doing so.

Likewise, in Young, the trial court failed to articulate its reasons for admitting petitioner's prior convictions other than to conclude summarily that the probative value of the convictions outweighed the prejudicial effect. The trial court properly excluded Young's 1970 larceny conviction as being too remote under ER 609(b); however, the court did admit his convictions for forgery, credit card theft and attempted escape. While Young's forgery conviction may be a crime of dishonesty under ER 609(a)(2), *see State v. Burton, supra,* his theft and attempted escape convictions have very minimal probative value with respect to the petitioner's propensity for truthfulness. Again we have no way of evaluating the propriety of the trial court's action. The State bears the burden of affirmatively showing some probative value. *See United States v. Gross, supra.* There is no indication here that the State met that burden. We therefore hold that the trial court erred in admitting Young's prior convictions.

We take this opportunity to reassert what we said in *State v. Alexis,* 95 Wn.2d 15, 20, 621 P.2d 1269 (1980):

> A prosecutor should expect to prevail on the strength of the evidence in the particular case being tried. That does not always follow when prior convictions are admitted, even when a cautionary instruction of the court restricts the use of the evidence to impeachment of credibility.

Having determined that the trial courts in both Jones and Young erred in admitting the prior conviction evidence

and in failing to first articulate on the record the reasons for so admitting it, we must now determine whether the error is nevertheless harmless.

## II

In *State v. Jones,* 33 Wn. App. 372, 377, 656 P.2d 510 (1982), the Court of Appeals concluded that both federal and state precedent support the view that an error in admitting evidence under rule 609 should be governed by the broad nonconstitutional standard of harmless error. That test requires that an error be found harmless unless, within reasonable probability, the error materially affected the outcome of the trial. *State v. Cunningham,* 93 Wn.2d 823, 831, 613 P.2d 1139 (1980).

To support its decision, the Court of Appeals cites several recent decisions of this court which hold that errors in admitting "other crimes" evidence under *ER 404(b)* should be governed by the nonconstitutional harmless error standard. *See State v. Saltarelli,* 98 Wn.2d 358, 362, 655 P.2d 697 (1982); *State v. Robtoy,* 98 Wn.2d 30, 44, 653 P.2d 284 (1982). The Court of Appeals also cites several federal court of appeals decisions which have reached a similar view with respect to Fed. R. Evid. 609. *See, e.g., United States v. Glenn,* 667 F.2d 1269 (9th Cir. 1982); *United States v. Slade,* 627 F.2d 293, 308 (D.C. Cir. 1980). Of the federal cases cited, only *Slade* expressly adopts a nonconstitutional standard, however.

While there is apparent authority to support the Court of Appeals decision in *Jones,* we note that unlike ER 404(b), ER 609(a)(1) has a direct effect on a defendant's constitutional right to testify in his own defense. U.S. Const. amend. 6; Const. art. 1, § 22. We previously recognized the importance of this right in *State v. Hill,* 83 Wn.2d 558, 520 P.2d 618 (1974). Although that case involved the improper admission of two prior convictions, both of which were reversed on appeal, we clearly emphasized the importance of the right to testify in one's own behalf. *Hill,* at 563–66.

In light of the constitutional significance of this right and the inherent prejudicial nature of prior conviction evidence, we adopt the higher "constitutional" harmless error analysis for errors involving the admission of evidence under ER 609(a)(1).

## III

Under the constitutional harmless error analysis, the error must be harmless beyond a reasonable doubt. *See, e.g., Chapman v. California,* 386 U.S. 18, 24, 17 L. Ed. 2d 705, 87 S. Ct. 824, 24 A.L.R.3d 1065 (1967); *State v. Stephens,* 93 Wn.2d 186, 191, 607 P.2d 304 (1980). This court has vacillated between two alternative analyses in determining whether error is harmless beyond a reasonable doubt. *State v. Johnson,* 100 Wn.2d 607, 621, 674 P.2d 145 (1983); *see State v. Evans,* 96 Wn.2d 1, 5–10, 633 P.2d 83 (1981) (Brachtenbach, C.J., concurring). Under the "contribution test", the focus is on the tainted evidence and the relevant question is whether that evidence contributed to a guilty verdict. The untainted evidence is considered "only to uncover the potentially damaging ramifications of the error". Field, *Assessing the Harmlessness of Federal Constitutional Error—A Process in Need of a Rationale,* 125 U. Pa. L. Rev. 15, 18 (1976). Under the "overwhelming evidence test", the appellate court examines the untainted evidence to determine whether it is so overwhelming that it necessarily leads to a finding of guilt.

We need not decide in this case which of these tests is most appropriate as we find, under either test, the evidence of prior convictions is harmless error in Jones and is not harmless error in Young. In Jones, even under the stricter contribution test, we are convinced beyond a reasonable doubt that the admission of the prior convictions did not contribute to the conviction. Neither prior conviction bore any similarity to the crime for which Jones was being tried. Nor were the number of convictions introduced exceedingly large or cumulative.

We also find that the jury had overwhelming evidence from which to convict petitioner Jones. Not only was the

stolen property found in petitioner's possession, but police found a pair of pliers which proved to be identical with those used in the robbery. Moreover, the police observed Jones carrying the stolen property into his motel room. The State notes that in another trial petitioner Jones admitted he had perjured himself when testifying at the instant trial. We emphasize, however, that this fact, volunteered at a subsequent trial, is not relevant to this court's consideration of whether the trial court erred in admitting his prior convictions for impeachment purposes under ER 609(a)(1). The trial court's error is harmless beyond a reasonable doubt.

With respect to petitioner Young, we find the admission of his prior convictions was not harmless beyond a reasonable doubt. Young explained, in his defense, that his admitted concern over the armed robbery was due to his having told his roommate, Thomas Diamont, about the existence of the safe and did not stem from any direct involvement on his part. Young further explained that he had been fishing on Whidbey Island the day of the robbery. The admission of Young's prior convictions may well have colored the jury's consideration of his testimony. Further, the credit card theft conviction bore some similarity to the crime for which Young was being tried, hence the potential for prejudice was increased. We are not convinced beyond a reasonable doubt the admission of these prior convictions did not contribute to the guilty verdict. Further, while there is considerable evidence from which to find petitioner Young guilty, the untainted evidence was not so overwhelming as to necessarily lead to a finding of guilt.

It is not an answer to our harmless error analysis that because Young's prior conviction for forgery was properly admissible, the improper admission of his other prior convictions was harmless. The more prior convictions admitted for impeachment under ER 609(a)(2), the greater the effect on the defendant's credibility. *Cf. State v. Hanscome,* 459 A.2d 569 (Me. 1983). We therefore remand for a new trial consistent with this opinion. Having ordered a new trial, we

need not address petitioner's other assignments of error.

The Court of Appeals is affirmed in its result with respect to petitioner Jones and reversed with respect to petitioner Young.

WILLIAMS, C.J., and ROSELLINI, UTTER, BRACHTENBACH, DOLLIVER, DORE, DIMMICK, and PEARSON, JJ., concur.

Reconsideration denied March 21, 1984.