[No. 7096–4–III. Division Three. October 16, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. TERRY M.
EVANS, *Appellant.*

*Lewis M. Schrawyer,* for appellant (appointed counsel for appeal).

*Donald C. Brockett, Prosecuting Attorney,* and *Neil H. Korbas, Deputy,* for respondent.

THOMPSON, J.—Terry M. Evans appeals his second degree burglary conviction contending the trial court erred in (1) refusing to suppress evidence; (2) ruling on the admissibility of prior burglary convictions; and (3) refusing to dismiss the State's case. We affirm.

On the evening of November 27, 1984, Spokane plainclothes police officers Keller and Alderson entered the Riverside Tavern in response to a call concerning a rape suspect described as a black male, approximately 5 feet 8 inches in height, and 200 pounds, with horizontally braided hair and wearing a blue jacket. The officers observed and started toward Mr. Evans, a black male resembling that description, whereupon Mr. Evans fled through the rear door of the tavern. A chase ensued and just prior to Mr. Evans' capture and arrest, Officer Alderson observed him throw something onto an overhead sidewalk awning. Officer Alderson later retrieved the discarded object from on top of the awning. It proved to be a set of keys. Following a custodial search, several items of jewelry were found on Mr. Evans' person, including an 1899 silver dollar necklace reported stolen from the nearby Park Tower apartment building. One of the keys found on the awning fit the front door of the Park Tower. Mr. Evans was charged with and convicted by a jury of second degree burglary. He appeals.

The first issue is whether the trial court erred in refusing to suppress the necklace taken from Mr. Evans

based on lack of probable cause to arrest. A felony arrest either with or without a warrant must be based on probable cause. Probable cause will be deemed sufficient

> where the facts and circumstances within the arresting officer's knowledge and of which the officer has reasonably trustworthy information are sufficient to warrant a person of reasonable caution in a belief that an offense has been committed.

*State v. Terrovona,* 105 Wn.2d 632, 643, 716 P.2d 295 (1986). Although probable cause to arrest must be based on more than the fact a person matches a general physical description, *Guffey v. State,* 103 Wn.2d 144, 152, 690 P.2d 1163 (1984); *State v. Smith,* 102 Wn.2d 449, 688 P.2d 146 (1984), the arresting officer's special expertise in identifying criminal behavior must be given consideration. *State v. Scott,* 93 Wn.2d 7, 11, 604 P.2d 943, *cert. denied,* 446 U.S. 920 (1980). Moreover, flight is circumstantial evidence of guilt and, as such, can be an element of probable cause. *State v. Baxter,* 68 Wn.2d 416, 421–22, 413 P.2d 638 (1966); *State v. Friederick,* 34 Wn. App. 537, 542–43, 663 P.2d 122 (1983); *State v. Bundy,* 21 Wn. App. 697, 701, 587 P.2d 562 (1978).

Here, the investigating officers' attention was immediately drawn to Mr. Evans since he fit the description of the rape suspect, particularly, according to the officers' testimony, because of his uniquely braided hair. Upon seeing the officers and apparently noting their interest in him, Mr. Evans immediately fled from the tavern and continued to flee from the pursuing police, ignoring their shouts identifying themselves as officers and ordering him to stop. These circumstances, coupled with the arresting officers' special expertise in identifying criminal behavior, satisfy the requirements of probable cause to arrest. The evidence obtained pursuant to the arrest was admissible.

We next examine whether the trial court erred in ruling evidence of two prior burglary convictions would be admissible as more probative then prejudicial under ER 609(a). As threshold issues, the State raises two preliminary argu-

ments. First it argues the defense is distorting this issue on appeal. The motion to exclude the prior convictions was made by the defense. The State did not ask to be allowed to admit Mr. Evans' prior convictions, but told the court it would seek to admit the convictions only if the defendant took the stand and created a false image of innocence. Regardless of how the issue arose, the court did rule that if Mr. Evans took the stand, he could be impeached by his prior convictions. That ruling and its effect on Mr. Evans' trial is properly before this court on appeal.

The State additionally argues Mr. Evans' offer of proof concerning his testimony was untimely and therefore precludes appellate review. If a defendant elects not to testify, an offer of proof of his testimony must be made at the time of the ER 609 ruling. *State v. LeFever,* 102 Wn.2d 777, 786, 690 P.2d 574 (1984); *State v. Pam,* 98 Wn.2d 748, 659 P.2d 454 (1983). Here, after the court denied the defense motion to exclude prior convictions, Mr. Evans' attorney stated he intended to make an offer of proof. Although the offer was not made until the following day, it was prior to jury selection and prior to the actual commencement of opening argument or the taking of testimony. Therefore, it was timely in that it gave the trial court the opportunity to evaluate the impact of its ruling and preserve the error for appeal purposes.[1]

ER 609(a) states in pertinent part:

> **General Rule.** For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross examination but only if the crime (1) was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, and the court determines that

---

[1]The offer of proof consisted primarily of the following statement: "That if the defendant had been permitted to testify, he would have testified that he fled from the officer because he was on release from a court in Oregon, pending sentencing for another charge in Oregon.

"One of the conditions of release was that he not leave the State of Oregon. Therefore, he believes that to testify would prejudice his case in that regard."

the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, . . .

Because the rule balances the right of the accused to testify freely in his own behalf and the desirability of allowing the State to attack the credibility of the accused who chooses to testify, under subsection (a)(1) a prior felony conviction is admissible only if the trial court first determines the probative value of admitting the evidence outweighs its prejudicial effect on the defendant. *State v. Jones*, 101 Wn.2d 113, 118, 677 P.2d 131 (1984); *State v. Alexis*, 95 Wn.2d 15, 19, 621 P.2d 1269 (1980). In making this discretionary determination, the trial court must consider factors such as the need to allow the defendant to tell his side of the story; the need to avoid misleading the jury as to defendant's credibility; the type of crime; the remoteness of the prior convictions; the similarity of the prior crime; the age and circumstances of the defendant; whether the defendant testified at a previous trial; and the length of the defendant's criminal record. *Jones*, at 121.

 To enable appellate evaluation of the trial court's reasons for exercising discretion under ER 609(a)(1), the trial court must state for the record the factors which favor admission or exclusion of prior conviction evidence. *Jones*, at 122. Here, in ruling on the issue, the trial court stated:

Now, if the defendant in this case testifies, having two prior burglary convictions within the ten year period limited by the Rule, both convictions, which are punishable by more than one year, the probative value of that with respect to the issue of credibility, outweighs the prejudicial effect to the defendant, in my view, and I so hold; and your motion is denied.

As was the case in *Jones*, this bare conclusion without recording any balancing factors provides this court no way of knowing whether the trial court effectively exercised its discretion. Failure to articulate the rationale for admitting the convictions was error and constitutes a violation of a procedural rule wholly separate from ER 609(a). *State v. Rhoads*, 101 Wn.2d 529, 535, 681 P.2d 841 (1984). Although

the importance of making such a record cannot be overemphasized, that error alone will not necessarily mandate a reversal where prior convictions thereafter have been either properly admitted or were improperly admitted, and admitting them constitutes harmless error. *See State v. Jackson,* 102 Wn.2d 689, 694–96, 689 P.2d 76 (1984) (ER 404 error).

■■ Our next inquiry thus becomes whether admitting the prior burglary convictions was correct. If not, since ER 609(a)(1) has a direct effect on a defendant's constitutional right to testify in his own defense, the "constitutional" harmless error analysis applies. *Jones,* at 124–25; *State v. Harris,* 102 Wn.2d 148, 157, 685 P.2d 584 (1984). A constitutional error is harmless if the appellate court is convinced beyond a reasonable doubt that any reasonable jury would have reached the same result if the error had not occurred. *State v. Guloy,* 104 Wn.2d 412, 425, 705 P.2d 1182 (1985), *cert. denied,* __ U.S. __, 89 L. Ed. 2d 321, 106 S. Ct. 1208 (1986). The appellate court applies the "overwhelming untainted evidence" test to determine if the evidence is so "overwhelming that it necessarily leads to a finding of guilt". *Guloy,* at 426.

Although the constitutional harmless error test applies to the *omission* of valid evidence as well as the *admission* of illegal evidence, *State v. Finnegan,* 6 Wn. App. 612, 621, 495 P.2d 674 (1972), *cert. denied,* 410 U.S. 967 (1973), its application is difficult in the context of unadmitted evidence. *See Guloy,* at 432 (Brachtenbach, J., concurring). Here, Mr. Evans is arguing he was not able to offer exculpatory evidence since he chose not to testify in order to avoid the potential prejudice of the introduction of his prior convictions.[2] Notwithstanding the conceptual difficul-

---

[2]We note this dilemma is alleviated in the federal courts where a defendant must testify at trial to preserve appeal of a trial court's denial of a motion in limine to forbid the use of prior convictions for impeachment. *Luce v. United States,* 469 U.S. 38, 83 L. Ed. 2d 443, 105 S. Ct. 460 (1984). Contrary to interpretation under rule 609(a) of the Federal Rules of Evidence, however, Washington has elevated a court's ER 609(a) ruling to constitutional dimensions, *compare*

ties in applying the "untainted" test to evidence not present in the record, *Guloy* mandates reversal only "where there is any reasonable possibility that the use of inadmissible evidence was necessary to reach a guilty verdict". *Guloy,* at 426.

In making the ER 609(a) determination, the trial court must bear in mind the only purpose of admitting a prior conviction is to aid the jury in evaluating the witness' credibility, not to persuade the jury the defendant committed the crime of which he is presently accused. *Alexis,* at 18–19; 5 K. Tegland, Wash. Prac., *Evidence* § 236, at 504 (2d ed. 1982). The fact a prior conviction was for an offense identical to that charged in the present case is of "paramount" significance, *Pam,* at 761 (Utter, J., concurring), based on the premise that "when the crime parallels that for which a defendant witness is being tried, prejudice is magnified". *State v. Renfro,* 96 Wn.2d 902, 908, 639 P.2d 737, *cert. denied,* 459 U.S. 842 (1982).

Here, since Mr. Evans' testimony was the only means of placing a defense before the jury, hence credibility was a key factor, introduction of two recent identical convictions may have resulted in improper and prejudicial impeachment. *See State v. Moore,* 33 Wn. App. 55, 651 P.2d 765 (1982).

Nevertheless, Mr. Evans' offer of proof concerning his reasons for fleeing preserved the error and allows this court to examine the effect of the proffered testimony. *State v. Koloske,* 100 Wn.2d 889, 897, 676 P.2d 456 (1984). Mr. Evans did not testify. Thus, he was not able to tell the jury that he ran from the police, not because of present criminal

---

*Luce,* at 42–43, *with Jones,* at 124–25. Even with the *Pam* offer of testimony, the Washington rule requires the reviewing court to speculate to a certain extent on the effect of the defendant's proffered testimony which could for any number of reasons differ from actual trial testimony. *Luce,* at 41 n.5. Moreover, the potential for abuse of ER 609, though limited by the offer of proof requirement, still exists whereby a defendant with no intention of testifying "may still seek a ruling in order to provide one more ground for appeal in case of conviction". *State v. Koloske,* 100 Wn.2d 889, 897, 676 P.2d 456 (1984).

involvement, but because of violations of release conditions on an Oregon conviction. Evaluating the possible exculpatory effect this disclosure might have had on the jury, it is difficult to see how this testimony would have persuaded the jury to reach a not guilty verdict, especially in light of the fact when apprehended the defendant was in possession of stolen jewelry and, during the course of his flight, attempted to throw away incriminating apartment keys. Thus, despite the court's procedural error in failing to give reasons for ruling the convictions admissible, we conclude the error was harmless in the face of other overwhelming evidence of guilt. *See State v. Harris, supra* at 158.

 Finally, we determine whether the trial court erred in refusing to dismiss at the close of the State's case. Proof of possession of recently stolen property, unless accompanied by other evidence of guilt is not prima facie evidence of burglary. *State v. Mace,* 97 Wn.2d 840, 843, 650 P.2d 217 (1982). Other evidence of guilt may include a false or improbable explanation of possession, flight, use of a fictitious name, or the presence of the accused near the scene of the crime. *State v. Q.D.,* 102 Wn.2d 19, 28, 685 P.2d 557 (1984). In denying the motion to dismiss, the trial court stated:

> In this case, the possession of stolen property is established by direct evidence, that is, the officer saw the necklace around the neck. And, it is accompanied by indicatory evidence on collateral matters, which includes the keys and the presence of somebody in that premises. And, therefore, the motion should be denied, given the inferences that can be drawn from the State's case in a most favorable view.

In addition to the collateral indicia articulated by the trial court, the record contains other evidence of guilt including Mr. Evans' flight, *see State v. Bruton,* 66 Wn.2d 111, 112, 401 P.2d 340 (1965); *State v. Hebert,* 33 Wn. App. 512, 515, 656 P.2d 1106 (1982); his furtive attempt to dispose of the apartment keys; his arrest within blocks of the Park Tower; and the testimony of several apartment resi-

dents who observed a nonresident black man in the Park Tower hallways just prior to the burglary. The sum of the corroborative evidence supports the conclusion a case was made for the jury. After viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Hughes,* 106 Wn.2d 176, 721 P.2d 902 (1986). The motion to dismiss was properly denied.

Affirmed.

GREEN, C.J., and McINTURFF, J., concur.

Review denied by Supreme Court January 6, 1987.