[No. 64619-8. En Banc.]
Argued May 28, 1997. Decided November 20, 1997.
THE STATE OF WASHINGTON, *Respondent*, v. PATRICK ELDON HARDY, *Petitioner*.

704

*Nielsen, Broman & Associates, P.L.L.C.*, by *Eric Broman* and *Fran-Michelle Reichert*, for petitioner.

*Norm Maleng, Prosecuting Attorney*, and *Francis D. Zavatsky, Lee D. Yates, Cynthia Gannett*, and *Theresa L. Fricke, Deputies*, for respondent.

SANDERS, J. — Patrick Hardy appeals a second degree robbery conviction, asserting a prior drug conviction was improperly admitted into evidence contrary to ER 609(a)(1). The Court of Appeals affirmed, but we reverse. As held in *State v. Jones*, 101 Wn.2d 113, 122, 677 P.2d 131 (1984), *overruled in part on other grounds by State v. Ray*, 116 Wn.2d 531, 546, 806 P.2d 1220 (1991) prior drug

convictions "have little to do with a defendant's credibility as a witness . . . ."

## FACTS

At trial complaining witness Shamsa Wilkins testified that as she stood on a downtown Seattle street corner at 4:30 in the morning, Hardy approached her, spoke with her for a few minutes, and then robbed her of her jewelry. Wilkins testified Hardy remained for a few minutes trying to strike up a friendly relationship but she refused.

Seattle police officer Stewart testified he was summoned to the scene and arrived within a minute of the call. Officer Stewart testified the alleged victim and her female companion Margaret Smith were "very, very, distraught and upset . . . break[ing] down into tears" and "excited" as they told him what allegedly happened. Verbatim Report of Proceedings (Trial)[1] (2RP) at 149-50. Over defense counsel's objection the trial court admitted the officer's testimony under the excited utterance exception to the hearsay rule. ER 803(a)(2). While alleged victim Wilkins testified at trial, her friend Margaret Smith did not.

Police also testified Hardy was found a few minutes after the alleged robbery at a nearby intersection passed out in his black Camaro. Wilkins' jewelry was found in Hardy's pockets.

Hardy took the stand and testified to a different version of events. He claimed Wilkins was in a push and shove match with her female friend and he had simply helped out by picking up loose jewelry from the ground. He did not deny he left the scene with the jewelry in his pocket, but such would not constitute robbery.

Before trial the State moved to introduce Hardy's prior felony drug conviction for impeachment purposes should

---

[1]The Verbatim Report of Proceedings (RP) includes the pretrial RP, which shall be designated herein as 1RP, and the RP for the trial itself, which shall be designated herein as 2RP.

he choose to testify. Defense counsel objected claiming the prior drug conviction was not only irrelevant to Hardy's credibility but very prejudicial as well. The court stated on the record "[t]he impeachment value of the prior crime is almost nil" and as a drug crime it would be particularly prejudicial given the anti-drug "fever." 1RP at 31. The court, nevertheless, admitted the prior conviction as an unnamed felony, reasoning "the jury should be entitled to know that there is some prior conviction." 1RP at 31, 32. Responding to the court's ruling, Hardy's counsel elicited the unnamed prior conviction on direct.[2] The jury convicted Hardy. Hardy appealed to the Court of Appeals, but for naught.

The appellate court affirmed, reasoning all prior drug convictions are relevant to the defendant's credibility because drug convictions necessarily show secrecy and deceit. *State v. Hardy*, 83 Wn. App. 167, 175-76, 920 P.2d 626 (1996). As to the hearsay offered by Officer Stewart from the complaining witness and her companion, the court found it was properly admitted as an excited utterance. *Id.* at 177. We reverse on the admissibility of the prior drug conviction under ER 609(a)(1) but affirm the excited utterance was properly admitted.

## ER 609

█ Evidence of prior felony convictions is generally inadmissible against a defendant because it is not relevant to the question of guilt yet very prejudicial, as it may lead the jury to believe the defendant has a propensity to commit crimes. *Id.* 5 KARL B. TEGLAND, WASHINGTON PRACTICE, EVIDENCE § 114, at 383 (3d ed. 1989). ER 609 represents a narrow exception to this rule against admitting evidence of prior convictions.

For the purpose of attacking the credibility of a witness in

---

[2]The fact that defense counsel brought out the damaging impeachment evidence on direct does not foreclose defendant's subsequent challenge in light of the trial court's ruling that it was admissible. *State v. Watkins*, 61 Wn. App. 552, 558, 811 P.2d 953 (1991).

a criminal or civil case, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during examination of the witness but only if the crime (1) was punishable by death or imprisonment in excess of 1 year under the law under which the witness was convicted, *and the court determines that the probative value of admitting this evidence outweighs the prejudice to the party against whom the evidence is offered*, or (2) involved dishonesty or false statement, regardless of the punishment.

ER 609(a) (emphasis added).

 Drug convictions are not crimes of "dishonesty or false statement" like perjury or criminal fraud and thus ER 609(a)(2) does not apply.[3] Rather the inquiry focuses on ER 609(a)(1), which allows admittance of prior felony convictions only if "the probative value of admitting this evidence outweighs the prejudice to the party against whom the evidence is offered . . . ." ER 609(a)(1). *State v. Jones*, 101 Wn.2d 113, 122-23, 677 P.2d 131 (1984) is dispositive.[4]

### Probative value

 ER 609(a)(1) requires the prior conviction have "probative value." When assessing probative value it is critical to understand "the sole purpose of impeachment evidence [under ER 609(a)(1)] is to enlighten the jury with respect to the defendant's credibility as a witness." *Jones*, 101 Wn.2d at 118.[5] Credibility in this context refers to truthfulness. *Jones*, 101 Wn.2d at 118-19. Prior convic-

---

[3]*See, e.g., Peterson v. State*, 518 So. 2d 632, 636 n.1 (Miss. 1987); *United States v. Lewis*, 626 F.2d 940, 946 (D.C. Cir. 1980); *United States v. McLister*, 608 F.2d 785, 789 (9th Cir. 1979).

[4]*Jones* was overruled in part by *State v. Ray*, 116 Wn.2d 531, 546, 806 P.2d 1220 (1991). *Ray* addressed crimes of dishonesty under ER 609(a)(2) and overruled *Jones* only on the remedy issue. 116 Wn.2d at 546.

[5]*See also State v. Alexis*, 95 Wn.2d 15, 19, 621 P.2d 1269 (1980) ("[T]he only purpose of impeaching evidence is to aid the jury in evaluating a witness' credibility, including a defendant when he elects to take the witness stand. Its purpose is not to persuade the jury in a substantive manner.").

tions are therefore only "probative" under ER 609(a)(1) to the extent they are probative of the witness's truthfulness.

*State v. Begin*, 59 Wn. App. 755, 759-60, 801 P.2d 269 (1990), *review denied*, 116 Wn.2d 1019, 811 P.2d 220 (1991) declared all prior felonies " 'are evidence of non-law-abiding character' " and thus "probative" under ER 609(a)(1). However, the proper inquiry under ER 609(a)(1) is not whether the prior conviction shows a "non-law-abiding character"[6] but whether it shows the witness is not truthful. To the extent *Begin* suggests all criminal convictions go to truthfulness or that every criminal act is evidence of an untruthful personality it is disapproved.[7] "Simply because a defendant has committed a crime in the past does not mean the defendant will lie when testifying." *Jones*, 101 Wn.2d at 119. To the contrary, we have held "few prior offenses that do not involve crimes of dishonesty or false statement are likely to be probative of a witness' veracity." *Id.* at 120. We again affirm that position and caution prior convictions not involving dishonesty or false statements are not probative of the witness's veracity until the party seeking admission thereof shows the opposite by demonstrating the prior conviction disproves the veracity of the witness.

---

[6]See ER 404(a) ("Evidence of a person's character . . . is not admissible for the purpose of proving action in conformity therewith on a particular occasion . . . ."); Alan D. Hornstein, *Between* Rock *and a Hard Place: The Right to Testify and Impeachment by Prior Conviction*, 42 VILL. L. REV. 1, 2 (1997) ("It is a long-standing principle of the law of evidence that a defendant's character for law breaking may not be used as evidence that the defendant committed the particular offense for which he or she is being tried.").

[7]Jeremy Bentham provided an early example with his "man so proud of his truthfulness that he challenges a person who called him a liar to a duel. He wins the duel but is subsequently convicted of murder. Several years later, after release from prison, he is indicted on another crime." In the second trial is his prior conviction evidence of untruthfulness? *State v. McAboy*, 160 W. Va. 497, 504 n.6, 236 S.E.2d 431, 435 n.6 (1977) (citing 2 JOHN HENRY WIGMORE, EVIDENCE § 519, at 610 (3d ed. 1940) and citing JEREMY BENTHAM, RATIONALE OF JUDICIAL EVIDENCE (Bowring's ed. 1827)), *overruled by State v. Kopa*, 173 W. Va. 43, 311 S.E.2d 412 (1983). *See also State v. King*, 75 Wn. App. 899, 906, 878 P.2d 466 (1994) ("In *Jones* the court rejected the argument that 'lying is an integral facet of the criminal personality.' " (quoting *Jones*, 101 Wn.2d at 119)), *review denied*, 125 Wn.2d 1021, 890 P.2d 463 (1995).

■ *Jones* held the "trial court must state, for the record, the factors which favor admission or exclusion of prior conviction evidence." 101 Wn.2d at 122. The court must consider such factors to assess whether probative value outweighs prejudice. It is imperative the court state, on the record, how the proffered evidence is probative of veracity to allow appellate review. *See State v. King*, 75 Wn. App. 899, 913, 878 P.2d 466 (1994) ("we explicitly adhere to the *Jones* rationale and require the trial court to articulate how the specific nature of the prior felony makes it one of the few offenses not involving dishonesty or false statement that nevertheless has probative value.").

■ Some of the *Jones* and *Alexis* factors may also be useful to assess probative value.[8] For example, factor one focuses attention on the nature of the prior crime while factors two (remoteness) and four (age and circumstances) may indicate an otherwise probative conviction is less probative because it is chronologically remote.

The Court of Appeals relied upon *State v. Thompson*, 95 Wn.2d 888, 892, 632 P.2d 50 (1981) for the proposition that prior drug convictions, by their nature, are always probative of veracity. *State v. Hardy*, 83 Wn. App. at 175-76 (quoting *Thompson*, 95 Wn.2d at 892) (a drug seller lives a life of "secrecy and dissembling" and thus prior drug convictions go to veracity). But we rejected that aspect of *Thompson* in *Jones* wherein we stated a prior "felony conviction . . . for possession of drugs . . . ha[s] little to do with a defendant's credibility as a witness." *Jones*, 101 Wn.2d at 122.[9]

■ We find nothing inherent in ordinary drug convic-

---

[8]The *Jones/Alexis* factors include: (1) the type and nature of the prior crime; (2) the remoteness of the prior conviction; (3) the similarity of the prior crime to the current charge; (4) the age and circumstances of the defendant when previously convicted; (5) whether the defendant testified at the previous trial; and (6) the length of defendant's criminal record. *Jones*, 101 Wn.2d at 121-22.

[9]We agree with *State v. Wilson*, 83 Wn. App. 546, 553, 922 P.2d 188 (1996), *review denied*, 130 Wn.2d 1024, 930 P.2d 1231 (1997), wherein the court noted *Thompson* was no longer controlling:

tions to suggest the person convicted is untruthful and conclude prior drug convictions, in general, are not probative of a witness's veracity under ER 609(a)(1). Numerous sister jurisdictions are in accord.[10]

## Prejudicial effect

■ If the prior conviction is probative of veracity under ER 609(a)(1) the court must still assess prejudicial effect. "[P]rior conviction evidence is inherently prejudicial" when the defendant is the witness because it tends to shift the jury focus "from the merits of the charge to the defendant's general propensity for criminality." *Jones*, 101 Wn.2d at 120.[11] Several studies confirm the prejudice.[12] One commentator observed "[i]f the jury learns that a

We question the underlying premise expressed here that all those convicted of delivery crimes participate in a web of lies and deceit. Common experience belies this assumption. Otherwise, police "buy-bust" operations targeted at street sales would need to be more elaborate than the usual "You looking?" and brief negotiations that characterize most transactions. The possibility of dissembling and secrecy certainly exists, especially at higher levels of the delivery hierarchy, but for the street seller, such secrecy is most likely a means to avoid detection and arrest rather than part of the crime itself.

*Wilson*, 83 Wn. App. At 553.

[10]*See State v. Geyer*, 194 Conn. 1, 480 A.2d 489, 497 (1984); *People v. Siebert*, 72 Ill. App. 3d 895, 390 N.E.2d 1322, 1328 (1979), *cert. denied*, 444 U.S. 1081, 100 S. Ct. 1033, 62 L. Ed. 2d 764 (1980); *Commonwealth v. Roucoulet*, 22 Mass. App. Ct. 603, 496 N.E.2d 166 (1986); *State v. Zaehringer*, 325 N.W.2d 754, 757 (Iowa 1982); *Peterson v. State*, 518 So. 2d 632, 637 (Miss. 1987).

We also note some jurisdictions have held the reverse. *See, e.g., United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir.), *cert. denied*, 434 U.S. 897, 98 S. Ct. 277, 54 L. Ed. 2d 183 (1977). However, these cases "typically do not examine the impact on veracity at any length, if at all." *State v. Zaehringer*, 325 N.W.2d 754, 757 (Iowa 1982).

[11]*See also* 3 JACK B. WEINSTEIN ET AL., WEINSTEIN'S EVIDENCE § 609[02], at 609-29 (1996) ("In a criminal case, the accused with a record risks that the jury may wish to punish him because he is bad regardless of his present guilt.").

[12]Edith Greene & Mary Dodge, *The Influence of Prior Record Evidence on Juror Decision Making*, 19 LAW & HUM. BEHAV. 67, 76 (1995) (in controlled mock trial study "jurors who learned that the defendant had been previously convicted were significantly more likely to convict him of a subsequent offense than were jurors without this information."); HARRY KALVEN, JR. & HANS ZEISEL, THE AMERICAN JURY 161 (1966) (acquittal of defendant is far less likely when jury knows about prior criminal convictions than when no record of prior crimes revealed).

defendant previously has been convicted of a crime, the probability of conviction increases dramatically Alan D. Hornstein, *Between* Rock *and a Hard Place: The Right to Testify and Impeachment by Prior Conviction*, 42 Vill. L. Rev. 1 (1997). The threat of admitting inherently prejudicial prior convictions places the accused in a catch-22 where he must either forgo testifying in his defense or testify and risk portrayal as a criminal.[13] Forcing the accused to such a Hobson's choice is not favored.[14]

██ Additionally, the trial court must assess whether even greater prejudice may result from the particular nature of the prior conviction. Several of the *Jones* and *Alexis* factors help identify particularly prejudicial scenarios. For example, factor three points out the more similar the prior crime to the one presently charged, the greater the prejudice. *See, e.g., State v. Pam*, 98 Wn.2d 748, 762, 659 P.2d 454 (1983) (Utter, J., concurring and joined by four other justices), *overruled on other grounds by State v. Brown*, 111 Wn.2d 124, 761 P.2d 588 (1988). Likewise, factor six highlights the fact that the longer the record the greater the prejudicial prospect the jury will use such as evidence to infer guilt.

*Admissible only if probative value outweighs prejudice*

██ Prior convictions are inadmissible under ER 609(a)(1) until the party seeking admission affirmatively demonstrates (1) the prior conviction bears on the witness's

---

[13]As one congressman active in drafting ER 609 stated:

"Either he can refuse to take the stand, as he is entitled to under the fifth amendment, and let the case go, or else he takes the stand and they crucify him with these previous irrelevant crimes which have nothing to do with what he is now on trial for."

Victor Gold, *Impeachment by Conviction Evidence: Judicial Discretion and the Politics of Rule 609*, 15 Cardozo L. Rev. 2295, 2303 n.46 (1994) (quoting 120 Cong. Rec. 2377 (Feb. 6, 1974) (comments of Rep. Dennis)).

[14]*See* Hornstein, *supra* (prejudicial impeachment evidence burdens the defendant's constitutional right to testify in his own behalf).

veracity and (2) the probative value outweighs the prejudice. *Jones*, 101 Wn.2d at 120.[15]

With the burden on the party seeking admission the trial court must conduct an on-the-record analysis of probative value versus prejudicial effect. *Jones*, 101 Wn.2d at 122 (citing *State v. Alexis*, 95 Wn.2d 15, 621 P.2d 1269 (1980)). Such requires an articulation of exactly how the prior conviction is probative of the witness's truthfulness.

### Unnamed felonies

■■■ The trial court attempted to lessen the prejudice by admitting the prior conviction under ER 609(a)(1) as an unnamed felony. But unnaming a felony "is not a substitute for the balancing process required" under ER 609(a)(1). *State v. Rivers*, 129 Wn.2d 697, 706, 921 P.2d 495 (1996). If the balance merits admission, it is anomalous to unname the felony as it is generally the nature of the prior felony which renders it probative of veracity. Courts should not admit unnamed felonies under ER 609(a)(1) unless they can articulate how unnaming the felony still renders it probative of veracity.

### Remedy

■■■■■ *State v. Ray*, 116 Wn.2d 531, 546, 806 P.2d 1220 (1991) held the "nonconstitutional harmless error standard. . . applies to ER 609(a) rulings." Under this standard an erroneous 609(a) ruling is reversible if " 'within reasonable probabilities, had the error not occurred, the outcome of the trial would have been materially affected.' " *Ray*, 116 Wn.2d at 546 (citations omitted). Applying the harmless error standard the appellate court looks to the evidence at trial, the importance of defendant's credibility, and the effect the prior convictions may have had on the jury. *See, e.g., State v. Roche*, 75 Wn. App. 500, 507, 878 P.2d 497 (1994).

---

[15]*See also* 5A KARL B. TEGLAND, WASHINGTON PRACTICE, EVIDENCE § 236, at 235-36 (3d ed. 1989) ("The party seeking to use the conviction for impeachment has the burden of showing that the probative value of the evidence exceeds its prejudicial effect, just the opposite of the usual burden of showing prejudice under Rule 403.").

*Application*

The trial court erred when it admitted Hardy's prior drug conviction as neither the State nor the trial court articulated how it was probative of Hardy's veracity. The trial court even concluded on the record "[t]he impeachment value of the prior crime is almost nil." 1RP at 31.

Reversal is required if, within reasonable probabilities, the error affected the trial's outcome. *Ray*, 116 Wn.2d at 546. Here Hardy's credibility was important because it was virtually his word against the alleged victim's as to whether he forcefully took the jewelry. The victim was the only other eyewitness to testify. The State did not produce the female companion who was the other alleged eyewitness. There was not overwhelming evidence that Hardy forcefully took the jewelry as alleged. But the prior crime was the only impeachment of Hardy's veracity and was thus critical. We conclude there was at least a reasonable probability that this improper impeachment affected the jury's determination. Accordingly, reversal is the remedy.

## EXCITED UTTERANCE

At trial the State sought to admit the statements made to the responding police officer by the alleged victim and her friend immediately after the alleged robbery. Over objection the trial court admitted the hearsay as excited utterance. On appeal Hardy argues admission was error. We disagree. Because the issue may recur on retrial we address it here.

The statements relayed by Officer Stewart in court were hearsay as they were out-of-court statements offered in court to prove the truth of the matter asserted therein. ER 801; TEGLAND, *supra* § 331, at 14. The issue is whether the statements fit within the excited utterance hearsay

exception.[16] Excited utterances are spontaneous statements made while under the influence of external physical shock before the declarant has time to calm down enough to make a calculated statement based on self-interest. *State v. Chapin*, 118 Wn.2d 681, 686, 826 P.2d 194 (1992) (citing 6 JOHN HENRY WIGMORE, EVIDENCE § 1747, at 195 (James H. Chadbourn rev. 1976)).

Three requirements must be met for hearsay to qualify as an excited utterance: (1) a startling event or condition must have occurred; (2) the statement must have been made while the declarant was still under the stress of startling event; and (3) the statement must relate to the startling event or condition. *Chapin*, 118 Wn.2d at 686. Here, the first and third elements are met as there was an alleged startling event, a physical robbery, and the statements related to the robbery itself. The remaining issue is whether the original declarants were still under the stress of the startling events when they made the statements. This inquiry is a factual one. *State v. Brown*, 127 Wn.2d 749, 757, 903 P.2d 459 (1995).

The police officer testified both declarants were visibly shaken and excited when they made the statements just minutes after the alleged robbery. The statements appear to have been spontaneous. *See State v. Fleming*, 27 Wn. App. 952, 621 P.2d 779 (1980) (robbery victim's statement to police shortly after incident qualified as an excited utterance), *review denied*, 95 Wn.2d 1013 (1981). The trial court did not err when it concluded the hearsay declarations were admissible as excited utterances.

---

[16]The excited utterance hearsay exception of ER 803(a) provides:

(a) **Specific Exceptions.** The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . . .

(2) *Excited Utterance.* A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

## CONCLUSION

Prior drug convictions are generally not probative of a witness's veracity and thus are usually inadmissible for impeachment purposes under ER 609(a)(1). Admission of Hardy's prior drug conviction was reversible error. We reverse and remand for retrial.

DOLLIVER, SMITH, JOHNSON, MADSEN, and ALEXANDER, JJ., concur.

TALMADGE, J. (dissenting) — While I agree with the majority's disposition of the admission of hearsay evidence under the excited utterance exception, I write separately to emphasize my concern with the majority's treatment of the admissibility of prior convictions under ER 609(a)(1). I respectfully dissent because I believe admission of evidence of Hardy's prior drug convictions was not prejudicial error.

A. ER 609(1)(a)

The majority opinion ranges far beyond the necessities of this case and confuses the law in Washington on the operation of ER 609(a)(1). The majority's approach is also inconsistent with our decision in *State v. Calegar*, 133 Wn.2d 718, 947 P.2d 235 (1997).

With only a slight nod in the direction of *State v. Alexis*, 95 Wn.2d 15, 621 P.2d 1269 (1980), the majority goes astray by using language suggestive of adoption by this Court of a per se rule of inadmissibility of evidence of prior drug convictions. The majority says: "We find nothing inherent in ordinary drug convictions to suggest the person convicted is untruthful and conclude prior drug convictions, in general, are not probative of a witness's veracity under ER 609(a)(1). Numerous sister jurisdictions

are in accord." Majority op. at 709-10.[17] Rather than concentrating on the facts of this case, the majority embarks on a prolonged policy discussion, concluding, "Prior drug convictions are generally not probative of a witness's veracity and thus are usually inadmissible for impeachment purposes under ER 609(a)(1)." Majority op. at 715.

Trial courts and practitioners should note that despite the strong language, the majority opinion expressly *does not* adopt a per se rule of inadmissibility of evidence of prior convictions. Moreover, the majority opinion expressly *does not* overrule our established approach to this issue.

The Court's settled method for deciding the admissibility of prior convictions under ER 609(a)(1) is not a rule of per se admissibility or inadmissibility of prior felony drug convictions, but rather a case-by-case weighing on the record of probative value versus prejudice.[18] This is the approach we adopted in *State v. Alexis*, 95 Wn.2d 15, 621 P.2d 1269 (1980), and followed in *State v. Jones*, 101 Wn.2d 113, 677 P.2d 131 (1984), *overruled in part on other grounds by State v. Brown*, 113 Wn.2d 520, 782 P.2d 1013, 787 P.2d 906, 80 A.L.R.4th 989 (1989). In *Calegar*, we relied on *Jones* to reject the State's contention that drug crimes always involve some level of dishonesty and are therefore always

---

[17]"Most courts have concluded that a prior conviction for drug dealing is relevant to a witness' credibility. However, a substantial minority of courts have determined that a prior conviction for drug dealing is not probative of an individual's lack of veracity." Gordon R. Fischer, Annotation, *Propriety of Using Prior Conviction for Drug Dealing to Impeach Witness in Criminal Trial*, 37 A.L.R.5TH 319, 329 (1996). The majority's footnote 10 and accompanying text incorrectly convey the opposite impression.

[18]The majority states:

Prior convictions are inadmissible under ER 609(a)(1) until the party seeking admission affirmatively demonstrates (1) the prior conviction bears on the witness's veracity and (2) the probative value outweighs the prejudice. *Jones*, 101 Wn.2d at 120.

Majority op. at 711-12. This passage misstates the law. To the contrary, the rule is stated in the positive: "For the purpose of attacking the credibility of a witness in a criminal or civil case, evidence that the witness has been convicted of a crime *shall be admitted* if elicited from the witness . . ." with the exceptions then stated. ER 609(a) (emphasis added). The "burden is on the State to show that the probative value is greater." *Jones*, 101 Wn.2d at 120.

admissible under ER 609(a)(1). Instead, the State must show "that the specific nature of the crime of possession of a controlled substance was probative of the defendant's ability to tell the truth on the witness stand." *Calegar*, 133 Wn.2d at 727. This is the correct rule, and it is the rule the majority opinion in this case should reflect. We should not issue contradictory and confusing opinions. The majority opinion does not overrule *Alexis* and *Jones*. Those cases remain controlling law.

B. No Prejudicial Error

I disagree with the majority that any error associated with the admission of Hardy's prior felony drug conviction was prejudicial. The majority simply assumes prejudicial error was present here. Majority op. at 712-13.

It is very difficult for me to discern a reasonable probability that a passing reference to a prior unnamed felony conviction designed to impeach Hardy's testimony in this case would constitute prejudicial error. First, Hardy's version of the facts is rather incredible. In effect, Hardy testified that while the victim and her friend were engaged in a shoving match, their jewelry "simply fell to the ground" and he snatched the jewelry and exited the scene. Thus, he was guilty of theft, but not robbery.

Second, the majority has already determined the circumstances of the crime in this case were of such a startling or significant nature that the report by the victim to the investigating police officers constituted an excited utterance and therefore was an exception to the hearsay rule. Plainly, Hardy's version of the facts would hardly constitute a startling event that would prompt the admission of hearsay statements made to a police officer. If Hardy robbed the victim, her statements made to the police officer indeed were based on a startling event, i.e., the robbery. Hardy's version of the facts would startle no one. This glaring inconsistency in the majority's treatment of the facts in this case only indicates why the admission of any reference to Hardy's prior felony drug convictions for his impeachment was not prejudicial.

I would affirm the Court of Appeals and the trial court's conviction of Patrick Hardy for second degree robbery.

DURHAM, C.J., and GUY, J., concur with TALMADGE, J.