# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52251-9-II |
| Respondent, | |
| v. | PUBLISHED OPINION |
| JOSEPH ALLEN JONES, | |
| Appellant. | |

MAXA, C.J. – Joseph Allen Jones appeals his conviction of possession of a controlled substance (heroin) with intent to deliver. We hold that the trial court erred by allowing the State to introduce evidence of Jones's prior felony convictions of unlawful possession of a firearm for impeachment purposes under ER 609(a)(1).

Accordingly, we reverse Jones's conviction and remand for a new trial.[1]

## FACTS

*Background*

On September 7, 2017, Aberdeen police officers arrested Jones following a traffic stop of a car driven by Andrew McGuire. Officers discovered heroin in a backpack next to Jones. The

---

[1] Jones also argues that the trial court erred by failing to dismiss the jury venire or order a mistrial because of a prejudicial statement made by a prospective juror. Because we reverse on other grounds, we do not address this argument.

State charged Jones with possession of heroin with intent to deliver. The State did not charge McGuire.

At trial, McGuire testified that the backpack containing the heroin belonged to Jones. McGuire admitted that he had an addiction to heroin and methamphetamine and that he was under the influence of heroin when officers stopped his car.

Jones testified in his own defense. The State identified a felony conviction for first degree unlawful possession of a firearm in 2011 that it wanted to introduce to impeach Jones's testimony. Anticipating that Jones would refute McGuire's testimony, the State argued that the jury would not "have any context to judge the testimony of" Jones against McGuire without these convictions. 3 Report of Proceedings (RP) at 96. The State argued that without this testimony, the jury would be weighing the testimony of McGuire – a drug addict – against the testimony of Jones, "who apparently dropped from heaven like an angel with absolutely an unblemished record." 3 RP at 96.

In addressing the impeachment value of the crime, the prosecutor stated that "the impeachment value of the prior crime, that's relatively low, that's not really in my favor," but argued that other factors supported admission under ER 609(a)(1). 3 RP at 97. Jones objected to the introduction of his prior conviction.

The court ruled that it would permit Jones to be cross examined regarding the 2011 conviction. The court did not state why the unlawful possession of a firearm conviction had probative value regarding Jones's truthfulness nor did it expressly find that the probative value of the prior conviction outweighed the prejudicial effect. The State then identified a second conviction for second degree unlawful possession of a firearm. The court summarily allowed the State to impeach using that conviction as well.

Jones testified and denied that the backpack containing the heroin belonged to him. On cross examination, Jones admitted that he had two prior convictions for unlawful possession of a firearm in 2009 and 2011.

The jury found Jones guilty of possession of a controlled substance (heroin) with intent to deliver. Jones appeals his conviction.

## ANALYSIS

Jones argues that the trial court erred when it admitted evidence of his prior felony convictions for second degree unlawful possession of a firearm. We agree.

A.    LEGAL PRINCIPLES

"Evidence of prior felony convictions is generally inadmissible against a defendant because it is not relevant to the question of guilt yet very prejudicial, as it may lead the jury to believe the defendant has a propensity to commit crimes." *State v. Hardy*, 133 Wn.2d 701, 706, 946 P.2d 1175 (1997). ER 609(a) provides a "narrow exception" to this general rule. *Id.*

ER 609(a)(1) states that evidence of a witness's prior felony conviction may be admitted for the purpose of attacking the witness's credibility only if "the court determines that the probative value of admitting this evidence outweighs the prejudice to the party against whom the evidence is offered." Under ER 609(a)(2), a prior conviction may be admitted without an analysis of probative value and prejudice if the crimes "involved dishonesty or false statement." Jones's prior convictions for unlawful possession of a firearm did not involve dishonesty or false statement, so the only issue here is whether the convictions could be admitted under ER 609(a)(1).

In applying ER 609(a)(1), trial courts are required to address two issues. First, the court must find that the prior conviction has some probative value regarding the witness's truthfulness. *Hardy*, 133 Wn.2d at 707-08.

> [A] trial court must bear in mind at all times that the sole purpose of impeachment evidence is to enlighten the jury with respect to the defendant's credibility as a witness. Therefore, prior convictions admitted for the purpose of impeachment must have some relevance to the defendant's ability to tell the truth.

*State v. Jones*, 101 Wn.2d 113, 118-19, 677 P.2d 131 (1984), *overruled on other grounds by State v. Brown*, 113 Wn.2d 520, 554, 782 P.2d 1013, 787 P.2d 906 (1989) (harmless error standard for ER 609(a)). In addition, "[i]t is imperative the court state, on the record, how the proffered evidence is probative of veracity to allow appellate review." *Hardy*, 133 Wn.2d at 709. The court must articulate "exactly how the prior conviction is probative of the witness's truthfulness." *Id.* at 712.

Significantly, not all criminal convictions relate to truthfulness. *See Hardy*, 133 Wn.2d at 708. "Simply because a defendant has committed a crime in the past does not mean that the defendant will lie when testifying." *Jones*, 101 Wn.2d at 119. The Supreme Court has expressly rejected the notion that prior convictions should be admitted under ER 609(a)(1) because they show that a defendant has a non-law-abiding character. *Id.*; *see also State v. Calegar*, 133 Wn.2d 718, 725-27, 947 P.2d 235 (1997). The focus is on whether the "specific nature of the crime" is probative of the defendant's ability to tell the truth. *Calegar*, 133 Wn.2d at 727.

In fact, the Supreme Court twice has recognized that " 'few prior offenses that do not involve crimes of dishonesty or false statement are likely to be probative of a witness' veracity.' " *Hardy*, 133 Wn.2d at 708 (quoting *Jones*, 101 Wn.2d at 120). The assumption is that a prior conviction is *not* probative "until the party seeking admission thereof shows the

opposite by demonstrating the prior conviction disproves the veracity of the witness." *Hardy*, 133 Wn.2d at 708.

Second, if the trial court finds that a prior conviction is probative of veracity, the court must assess the prejudicial effect of admitting the conviction. *Id.* at 710. When the defendant is the witness, evidence of a prior conviction is inherently prejudicial. *Id.* The Supreme Court emphasized that several studies had shown that a jury is more likely to convict a defendant who previously has been convicted of a crime. *Id.* at 710-11; *Jones*, 101 Wn.2d at 120.

As stated in ER 609(a)(1), the trial court must weigh the probative value of a prior conviction against the inherent prejudice of the conviction. *Jones*, 101 Wn.2d at 117-18, 120. The proponent of the evidence bears the burden of proving that the probative value outweighs the prejudice. *Calegar*, 133 Wn.2d at 722. As noted above, few convictions not involving dishonesty or false statement have probative value regarding truthfulness. *Jones*, 101 Wn.2d at 120. And a trial court normally should err on the side of excluding a prior conviction. *Id.* at 121.

In undertaking this analysis, the trial court must balance the *Alexis* factors:

> (1) the length of the defendant's criminal record; (2) the remoteness of the prior conviction; (3) the nature of the prior crime; (4) the age and circumstances of the defendant; (5) the centrality of the credibility issue; and (6) the impeachment value of the prior conviction.

*Calegar*, 133 Wn.2d at 722 (citing *State v. Alexis*, 95 Wn.2d 15, 19, 621 P.2d 1269 (1980)); *see also Jones*, 101 Wn.2d at 121-22 (explaining the application of the factors). As with the probative value determination, the trial court must conduct its "analysis of probative value versus prejudicial effect" on the record. *Hardy*, 133 Wn.2d at 712. The court must expressly state the factors favoring admission or exclusion of a prior conviction. *Jones*, 101 Wn.2d at 122.

We review a trial court's ruling under ER 609(a)(1) for an abuse of discretion. *State v. Rivers*, 129 Wn.2d 697, 704-05, 921 P.2d 495 (1996). However, the failure to engage in the proper analysis on the record constitutes an abuse of discretion. *Id.* at 706.

B.      ER 609(1)(a) ANALYSIS

We conclude that the trial court erred in admitting Jones's prior unlawful possession of a firearm convictions for three reasons.

First, the State did not satisfy its burden of proving that Jones's prior unlawful possession of a firearm convictions were probative of his truthfulness. In fact, the State did not even argue that the convictions were probative, instead admitting that the impeachment value was "relatively low, that's not really in my favor." 3 RP at 97. And it would seem that unlawful possession of a firearm would have little tendency to disprove credibility because that crime does not involve dishonesty or truth telling. As noted above, the assumption is that a prior conviction is not probative of truthfulness unless the State proves otherwise. *Hardy*, 133 Wn.2d at 708.

Second, the trial court did not state on the record why the nature of the crimes of unlawful possession of a firearm made them probative of Jones's veracity. The court simply stated without discussion or analysis that "there is impeachment value to that crime." 3 RP at 104. But such a statement without any meaningful explanation is insufficient to establish probative value given that " 'few prior offenses that do not involve crimes of dishonesty or false statement are likely to be probative of a witness' veracity.' " *Hardy*, 133 Wn.2d at 708 (quoting *Jones*, 101 Wn.2d at 120).

As noted above, the trial court was required to articulate on the record exactly how Jones's prior convictions were probative of his truthfulness. *Hardy*, 133 Wn.2d at 712. The court in *Hardy* held that the trial court erred in admitting a defendant's prior drug conviction

when "neither the State nor the trial court articulated how it was probative of [the defendant's] veracity. *Id.* at 713.

Third, the trial court did not make a finding on the record that the probative value of Jones's convictions outweighed their prejudicial effect. The court did analyze the *Alexis* factors on the record. But the court gave no indication that it was actually weighing the probative value of the convictions against the inherent prejudice of those convictions. Here, the fact that the prior convictions involved unlawful possession of firearms was particularly prejudicial because they indicated that there was a reason Jones was precluded from possessing a firearm. And the firearms convictions potentially were prejudicial because they suggested that Jones was dangerous.

The State argues that the crime of unlawful possession of a firearm raises concerns about truthfulness and therefore has impeachment value because it shows a person's disregard for the rule of law. But this line of reasoning was expressly rejected by the Supreme Court in *Hardy*: "[t]he proper inquiry under ER 609(a)(1) is not whether the prior conviction shows a 'non-law-abiding character' but whether it shows the witness is not truthful." 133 Wn.2d at 708; *see also Calegar*, 133 Wn.2d at 725-27.

The State also argues that Jones's prior convictions needed to be admitted because the jury heard evidence regarding McGuire's drug use. The State claims that it was essential to give the jury an accurate picture of the two men – that they were both criminals. But ER 609(a)(1) is designed to allow impeachment regarding a defendant's truthfulness, not to show that the defendant is a "criminal."

We hold that the trial court erred by admitting evidence of Jones's prior convictions without conducting the required analysis on the record.

C. HARMLESS ERROR

The nonconstitutional harmless error standard applies to ER 609(a) rulings. *Calegar*, 133 Wn.2d at 727. Under this standard, reversal is not required unless the court determines that had the error not occurred, it is reasonably probable that the outcome of the trial would have been materially affected. *Id.* Applying the standard, this court "looks to the evidence at trial, the importance of defendant's credibility, and the effect the prior convictions may have had on the jury." *Hardy*, 133 Wn.2d at 712.

Jones argues that the trial court's error was not harmless because the State's case depended entirely upon Jones's credibility. We agree. In addition, the State does not argue that any error in admitting Jones's convictions was harmless.

## CONCLUSION

We reverse Jones's conviction and remand for a new trial.

_____
MAXA, C.J.

We concur:

_____
MELNICK, J.

_____
SUTTON, J.