# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  54459-8-II |
| Respondent, | |
| v. | |
| JACOB A. SMITH, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, C.J. — Jacob A. Smith appeals his convictions for two counts of possession of a controlled substance with intent to deliver and one count of bail jumping.  Smith argues that he received ineffective assistance of counsel.  We disagree and affirm Smith's convictions.

Smith has also filed a motion to remand for resentencing in light of *State v. Blake*.[1]  The State concedes that remand for resentencing is appropriate in light of *Blake*.  We grant Smith's motion to remand for resentencing.[2]

## FACTS

The State charged Smith with two counts of possession of a controlled substance with intent to deliver.  Later, the State added a count of bail jumping.  Smith's jury trial began on January 21, 2020.

---

[1]  197 Wn.2d 170, 481 P.3d 521 (2021).

[2]  Smith also argues that his judgment and sentence needs to be revised to omit the reference to an Idaho conviction in his criminal history.  Because remand for resentencing is appropriate in light of *State v. Blake*, Smith can request that any errors in his criminal history be corrected on remand.

Brett Curtright, a community corrections specialist with the Department of Corrections (DOC), testified at trial. Curtright explained that his position was different than a community corrections officer because he did not carry a case load or supervise offenders. Curtright testified:

> What I do is I track wanted fugitives that are on active supervision through the Department of Corrections. If their warrants go out or they have a certain amount of criminal history, I assign them and go find them and arrest them on their active warrants.

1 Verbatim Report of Proceedings (VRP) at 128. Curtright was also assigned to the Pacific Northwest Violent Offender Task Force and worked with Thurston County's narcotics team under a memo of understanding.

Curtright testified that on April 1, 2019, he was contacted by an informant with information about Smith. The next day, Curtright did some research and learned that someone matching the description provided by the informant was on active DOC supervision. He also learned that Smith had an outstanding DOC warrant that had issued April 1. The informant arranged to meet with Smith on April 2. Curtright intended to arrest Smith on the DOC warrant.

The informant sent Curtright a screenshot of messages exchanged with Smith to arrange a meeting at a laundry place. Curtright testified that, based on the messages, there was a possibility a drug transaction would occur at the meeting between Smith and the informant. However, Curtright intended to arrest Smith before any drug transaction occurred.

Curtright and other detectives set up surveillance of the parking lot where the meeting was supposed to take place. They observed a vehicle arrive with three occupants. Curtright identified one of the occupants as Smith. Curtright approached the vehicle and announced that he had a warrant for Smith's arrest. Smith began to run. Curtright was able to apprehend Smith after a short foot pursuit.

In a search incident to arrest, Curtright found multiple packages of suspected narcotics including methamphetamine and heroin on Smith. Some of the brown substance suspected to be heroin was portioned out into a smaller packaged amount.

Curtright also testified that after speaking with Smith, he assisted detectives with contacting the other occupants of the vehicles. One of the occupants, Telvin Chatman, was detained because he was on active DOC supervision.

A forensic scientist with the Washington State Patrol tested the substances found on Smith at his arrest. One of the substances contained 12.9 grams of methamphetamine. The scientist also confirmed the packages containing brown substances were heroin.

The jury found Smith guilty as charged. Smith's criminal history included two prior convictions for simple possession. The trial court calculated Smith's offender score at 7 points and imposed a standard range sentence of 75 months.

Smith appeals.

## ANALYSIS

A. INEFFECTIVE ASSISTANCE OF COUNSEL

Smith argues that he received ineffective assistance of counsel when defense counsel failed to object to testimony that Smith was arrested on a DOC warrant and that Curtright was part of a task force that tracked violent fugitives. We disagree.

To prevail on an ineffective assistance of counsel claim, the defendant must show both that defense counsel's representation was deficient and the deficient performance resulted in prejudice to the defendant. *State v. Grier*, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011), *cert. denied*, 574 U.S. 860 (2014). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id.* at 33. There is a strong presumption that counsel's performance was

3

reasonable. *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009). If the defendant bases an ineffective assistance of counsel claim on defense counsel's failure to object, the defendant must show that the objection would have succeeded. *State v. Gerdts*, 136 Wn. App. 720, 727, 150 P.3d 627 (2007).

A defendant may overcome the presumption of reasonable performance by showing that "'there is no conceivable legitimate tactic explaining counsel's performance.'" *Grier*, 171 Wn.2d at 33 (quoting *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004)). There must be evidence regarding counsel's strategic or tactical decisions in the record for this court to determine whether counsel's performance was deficient. *State v. Linville*, 191 Wn.2d 513, 525-26, 423 P.3d 842 (2018).

To establish prejudice, the defendant must "prove that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different." *Kyllo*, 166 Wn.2d at 862.

As an initial matter, there is no evidence in the record about defense counsel's strategic reason for not objecting to the testimony for us to consider in determining whether defense counsel's performance was deficient. *See Linville*, 191 Wn.2d at 525-26. However, the record is sufficient for us to determine that defense counsel's performance was not deficient in failing to object to Curtright's testimony.

First, there was no implication from Curtright's testimony that Smith was a fugitive violent offender as Smith suggests. Curtright only testified that one of his assignments was to the Pacific Northwest Violent Offender Task Force and one of his duties is tracking "wanted fugitives that are on active supervision." 1 VRP at 128. Curtright did not testify that Smith was a violent fugitive or that he was being tracked by the Pacific Northwest Violent Offender Task Force. In fact,

Curtright was clear that his investigation into Smith began when he was contacted by an informant through his other assignment with the Thurston County Narcotics Task Force. Only after receiving the tip from the informant did Curtright learn that Smith had a DOC warrant. Therefore, there was no implication from Curtright's testimony that Smith was a violent, wanted fugitive. Accordingly, there was nothing for defense counsel to object to; thus, defense counsel's performance was not deficient.

Second, the evidence that Smith was arrested on a DOC warrant was admissible. Evidence of prior crimes, wrongs, or acts is inadmissible if it is offered to prove the defendant's character or that the defendant acted in conformity with that character. ER 404(b). However, "[u]nder the res gestae or 'same transaction' exception to ER 404(b), evidence of other crimes or bad acts is admissible to complete the story of a crime or to provide the immediate context for events close in both time and place to the charged crime." *State v. Lillard*, 122 Wn. App. 422, 432, 93 P.3d 969 (2004). Further, the court must balance the probative value of the evidence against any unfair prejudice. *Id*. at 431.

Smith concedes that evidence that he was arrested on a warrant was admissible. But Smith argues that the fact the warrant was issued by DOC was irrelevant and highly prejudicial. However, the DOC warrant was relevant to explaining why Curtright intended to arrest Smith on the warrant, rather than to continue the narcotics investigation by potentially performing a controlled buy. Therefore, the DOC warrant was relevant under the res gestae exception to ER 404(b).

Smith argues that the DOC warrant was unduly prejudicial because it shows that Smith had a criminal history. However, Smith relies on cases in which the defendant's actual prior convictions were introduced into evidence. *See State v. Hardy*, 133 Wn.2d 701, 710-11, 946 P.2d

1175 (1997) (discussing admissibility of prior convictions under ER 609 and noting that prejudice may result from both establishing a propensity for criminality or the specific nature of the prior conviction); *State v. Shaver*, 116 Wn. App. 375, 384-85, 65 P.3d 688 (2003) (holding defendant received ineffective assistance of counsel when counsel failed to object to admission of prior escape and drug convictions).

Here, there was no specific evidence of Smith's prior convictions. Because Smith's prior convictions were not admitted, there was no possibility of specific prejudice resulting from showing a propensity based on the nature of Smith's prior convictions. And although a DOC warrant implies that Smith has at least one prior conviction, there was not a high risk of showing a propensity for criminality because there was no evidence of the number of prior convictions nor the nature of any convictions. Because the DOC warrant implies a prior conviction, it is possible that the trial court may have sustained an objection. However, because the DOC warrant was relevant to the res gestae of the crime and was not unfairly prejudicial in this case, Smith has not met his burden of showing that the trial court would have excluded testimony that Smith had a DOC warrant if defense counsel had made an objection. Therefore, Smith has failed to show that defense counsel's performance was deficient. Accordingly, his ineffective assistance of counsel claim fails.

B.      MOTION TO REMAND FOR RESENTENCING

Smith has also filed a motion to remand for resentencing in light of *State v. Blake*. The State concedes that remand for resentencing in light of *Blake* is appropriate. We grant Smith's motion to remand for resentencing.

"[A] prior conviction which has been previously determined to have been unconstitutionally obtained or which is constitutionally invalid on its face may not be considered"

as part of a defendant's offender score. *State v. Ammons*, 105 Wn.2d 175, 187-88, 713 P.2d 719, *cert. denied*, 479 U.S. 930 (1986). In *Blake*, our Supreme Court held that RCW 69.50.4013(1), the statute criminalizing simple possession, is unconstitutional. 197 Wn.2d at 186. Therefore, the statute is void. *Id.* at 195. Because RCW 69.50.4013(1) is void, Smith's prior convictions for simple possession are unconstitutional on their face and should not be included in Smith's offender score. Accordingly, we grant Smith's motion to remand for resentencing.

We affirm Smith's convictions but grant his motion to remand for resentencing.[3]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, C.J.

We concur:

Maxa, J.

Sutton, J.

---

[3] Smith filed a motion to issue decision as soon as possible. As our decision is now filed, we deem the motion moot.